**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **vs.** | **NO. 5: 04-CR-101 (WDO)** |
| **SAUL REYES SANCHEZ,** | |
| | **VIOLATION(S):  DRUG Related** |
| **Defendant** | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned.  The defendant was represented by Mr. William A. Matos, III of the Macon Bar; the United States was represented by Assistant U. S. Attorney Tamarra Jarrett.  Based upon the evidence proffered to the court by the parties and the contents of the Pretrial Service Report dated September 30, 2005, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☒ **(1)  There is PROBABLE CAUSE to believe that the defendant has committed an offense**

☒ **for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.**
☐ **under 18 U.S.C. §924(c).**

☒ **(2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.**

#### ALTERNATIVE FINDINGS

☒ **(1)  There is a serious risk that the defendant will not appear.**

☐ **(2)  There is a serious risk that the defendant will endanger the safety of another person or the community.**

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated September 22, 2005, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the appearance of defendant SANCHEZ were he to be released from custody at this time. He is in the United States illegally and has no known family residing in the United States.  In addition, he is before this court on a writ from Henry County, Georgia, where he faces state charges arising out of the same circumstances giving rise to this federal prosecution; no bond has been set in the state proceeding. Defendant SANCHEZ faces long-term imprisonment if he is convicted as charged, to-wit: he has an estimated federal guideline sentencing range of 235 months to 293 months in prison.

In the court's view, Mr. SANCHEZ poses a very serious risk of flight were he to be released from custody.  Pretrial detention is therefore mandated.  IT IS SO ORDERED.


## PART III  -  DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 3rd day of OCTOBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE